UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERIC RICHARD MLAY,

Petitioner(s),

v.

TODD BLANCHE, et al.,

Respondent(s).

CASE NO. C26-4027-KKE

ORDER GRANTING HABEAS PETITION

After Petitioner was violently arrested by Immigration and Customs Enforcement ("ICE") officers in his bedroom on an administrative warrant and remained detained for weeks thereafter, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1. Petitioner contends that his constitutional rights were violated during his arrest and continued detention, and requests immediate release as well as prospective injunctive relief. *Id.* The Government effectively concedes that he should be released, but opposes in part his requests for injunctive relief. Dkt. No. 9.

Because the Court agrees with Petitioner that his continued detention is unconstitutional, the Court will grant his petition.

## I. BACKGROUND

Petitioner, a native and citizen of Tanzania, was admitted to the United States in 2016 as a nonimmigrant student, but he did not enroll in school. Dkt. No. 10 ¶ 3. In April 2020, the

Government[1] initiated removal proceedings against Petitioner. Dkt. No. 11-1. In December 2020, an immigration judge ordered Petitioner removed to Tanzania, and granted him withholding of removal to Tanzania. Dkt. No. 13 ¶ 3. The Government issued an order of supervision ("OSUP") in January 2021. Dkt. No. 11-2.

On September 27, 2026, ICE officers issued an administrative warrant for Petitioner's arrest. Dkt. No. 11-3 at 5.[2] ICE officers arrested Petitioner in his bedroom that day, throwing him to the ground and cracking one of his teeth. Dkt. No. 13 ¶¶ 5–17. The Government revoked Petitioner's OSUP three days later. Dkt. Nos. 11-5, 11-6. Petitioner was transported to the Northwest ICE Processing Center, where he remains detained. Dkt. No. 10 ¶ 11.

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on October 21, 2026. Dkt. No. 1. Petitioner seeks immediate release and requests injunctive relief prohibiting re-detention for purposes of effectuating future removal to a third country without due process. *Id.* The Government's return concedes that there is no significant likelihood of removal in the reasonably foreseeable future that would justify Petitioner's continued detention, but the Government opposes Petitioner's requests for prospective injunctive relief. Dkt. No. 9

For the following reasons, the Court will grant the petition and grant in part Petitioner's requests for injunctive relief.

---

[1] This order refers to the Federal Respondents—Attorney General of the United States Todd Blanche, U.S. Department of Homeland Security Secretary MarkWayne Mullin, U.S. Immigration and Customs Enforcement ("ICE"), and ICE's Acting Seattle Field Office Director Andre Quinones—collectively as "the Government."

[2] The justification for the warrant is not clear from the Government's documentation. The Government's return states that Petitioner's OSUP was revoked due to criminal charges filed in July 2026 (Dkt. No. 9 at 3), but the Government's contemporaneous documentation of Petitioner's arrest states that an arrest warrant was issued because he had overstayed his visa (Dkt. No. 11-3 at 5) and also suggests that ICE became aware of Petitioner's presence in the country via a criminal conviction (*id.* at 3). The Form I-213 also refers to someone with a different name than Petitioner who "had no pending or approved immigration applications that would allow him to remain in the U.S.[,]" which led a supervisor to issue an administrative warrant for Petitioner's arrest. *Id.*

## II. ANALYSIS

### A. Legal Standards

#### *1. Habeas Jurisdiction*

To succeed on a habeas petition, a petitioner must show he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

#### *2. Legal Framework Governing Detention of Non-Citizens Subject to an Order of Removal*

Detention of noncitizens following an order of removal is governed by the INA. "When [a noncitizen] has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the [noncitizen's] removal during a subsequent 90-day statutory 'removal period,' during which time the [noncitizen] normally is held in custody." *Zadvydas*, 533 U.S. at 682. During the 90-day removal period, the Government "shall detain" the noncitizen. 8 U.S.C. § 1231(a)(2)(A). Once the 90-day removal period ends, the Government may continue to detain certain noncitizens. *Id.* § 1231(a)(6). "[A noncitizen] ordered removed who is inadmissible …, removable[,] … or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period[.]" *Id.*

Federal regulations govern the re-detention and revocation of supervised release of a noncitizen with a final order of removal. 8 C.F.R. § 241.13(a). Under 8 C.F.R. § 241.13(i), ICE

may revoke a noncitizen's release if (1) if they violate the conditions of their release or (2) if, "on account of changed circumstances," ICE determines there is a significant likelihood the noncitizen will be removed in the reasonably foreseeable future.

However, the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. *Zadvydas*, 533 U.S. at 699. "A statute permitting indefinite detention of [a noncitizen] would raise a serious constitutional problem [under] … [t]he Fifth Amendment's Due Process Clause." *Id.* at 690. Thus, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The "presumptively reasonable" period for detention following a removal order is six months. *Id.* at 701.

In challenging detention through a habeas petition, the petitioner bears the initial burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Once that showing is made, the Government "must respond with evidence sufficient to rebut that showing." *Id.* If the Government fails to meet its burden, then the noncitizen must be released from detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018).

**B. The Government Concedes That Petitioner's Continued Detention Is Unlawful.**

As noted earlier in this order, the Government's return concedes that there is not presently a significant likelihood of Petitioner's removal in the reasonably foreseeable future under *Zadvydas*, yet the Government inexplicably continues to detain Petitioner. Dkt. No. 9. Because Petitioner is entitled to habeas relief under *Zadvydas*, the Court will therefore grant his habeas petition and order his immediate release, subject to the OSUP conditions the Government previously imposed. With this disposition, the Court need not address Petitioner's other arguments supporting his release.

**C. The Court Will Grant in Part Petitioner's Requests for Injunctive Relief.**

Petitioner seeks not only his release from detention but also injunctive relief related to any future removal to a third country. *See* Dkt. No. 1 at 55–56. The Government contends that because ICE is lawfully pursuing Petitioner's removal to a safe third country, Petitioner's request to limit ICE from doing so should be denied. Dkt. No. 9 at 5.

Petitioner seeks prospective injunctive relief adjacent to his habeas petition seeking protection in the event the Government re-detains him for the purpose of removing him to a third country or any other purpose. Dkt. No. 1 at 56. Specifically, he requests an order enjoining the Government from removing him to a third country without certain procedural safeguards, or from re-detaining him for any reason without first holding a hearing before a neutral decisionmaker at which the Government bears the burden of establishing flight risk or danger to the community by clear and convincing evidence based on changed circumstances since Petitioner was previously released. *Id.* He also requests an order enjoining the Government from removing him to any third country where he is likely to face imprisonment or punishment upon arrival. *Id.*

Because Petitioner invoked its habeas and federal question jurisdiction, the Court could provide equitable relief on those claims if Petitioner meets the standard for a permanent injunction. *See* Dkt. No. 1 at 5; *see Roman v. Wolf*, 977 F.3d 935, 941–42 (9th Cir. 2020). Thus, the Court turns to consider the availability of the relief Petitioner requests.

*1. The Government Must Comply with Applicable Federal Regulations if Petitioner Is Re-Detained.*

Petitioner asserts that he is entitled to a hearing in advance of any future re-detention. Dkt. No. 1 at 56.

The re-detention of a noncitizen subject to a final order of removal is governed by 8 C.F.R. § 241.13. The regulation was "intended to 'provide due process protections to [noncitizens]

following the removal period as they are considered for continued detention, release, and then possible revocation of release[.]'" *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1163 (S.D. Cal. 2025) (quoting *Santamaria Orellana v. Baker*, CV 25-1788-TDC, 2025 WL 2444087, at *6 (D. Md. Aug. 25, 2025)). The regulation states, in part, that "[t]he Service may revoke [a noncitizen's] release under this section and return the [noncitizen] to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13. The regulation also provides that, "[u]pon revocation [of an order of supervision], the [noncitizen] will be notified of the reasons for revocation of his or her release," and that there will be "an initial informal interview promptly after his or her return to Service custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.13(i)(3).

The Government concedes that Petitioner's current detention did not comply with these regulations, and that any future re-detention must. The Court therefore orders that if Petitioner is re-detained after he is released consistent with this order, the Government must provide notice and an opportunity to respond that comports with 8 C.F.R. § 241.13(i). *See, e.g.*, *Olea Sanchez v. Bondi*, No. C25-2573-KKE, 2026 WL 160882, at *5–6 (W.D. Wash. Jan. 21, 2026).

2. *The Government Must Comply With the Law In Seeking Petitioner's Removal to a Third Country.*

Petitioner also requests an order enjoining the Government from removing him to a third country without notice and a meaningful opportunity to be heard in reopened removal proceedings. Dkt. No. 1 at 56. The Government notes that it is "making efforts to identify a safe third country consistent with the sequential process in 8 U.S.C. § 1231(b)(2)[,]" and acknowledges that "[w]ritten notice of any designated third country, the statutory basis for the designation, and an

opportunity to raise fear and, if appropriate, to seek reopened proceedings are required before any removal may occur." Dkt. No. 9 at 5. It appears that Petitioner's request is thus unopposed, and the Court will grant Petitioner's request.

*3. The Court Denies Petitioner's Request for an Order Enjoining Removal to Any Third Country "Where He Is Likely to Face Imprisonment or Other Punishment Upon Arrival."*

Petitioner argues that ICE's third-country removal policy is unconstitutionally punitive because it violates his Fifth and Eighth Amendment rights, and he seeks to enjoin the Government from removing him to any third country "where he is likely to face imprisonment or other punishment upon arrival[.]" Dkt. No. 1 at 56. The Government argues that because it has not yet identified a "safe third country" to where Petitioner can be removed, and "Petitioner has identified no concrete plan to subject [him] to imprisonment or mistreatment upon arrival in any specific country[,]" Petitioner has not established a constitutional violation here. Dkt. No. 9 at 6.

Because, as explained earlier in the previous section of this order, the Court will require the Government to provide Petitioner with due process in effectuating any future third-country removal, it is not clear to the Court that additional injunctive relief is necessary to prevent irreparable injury at this time.[3] *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (discussing standard for permanent injunctive relief).

[3] Numerous courts, including this one, have held the Government's third-country removal policy is unconstitutional. *See, e.g.*, *Kumar v. Wamsley*, 817 F. Supp. 3d 1059, 1070 (W.D. Wash. 2025); *Nguyen v. Scott*, 796 F. Supp. 3d at 734 (collecting cases). The Government does not address this growing body of legal authority nor does it dispute the underlying factual allegations supporting it. The Court stands by its prior conclusion (unrebutted here) that the Government's third-country removal policy violates due process, but nonetheless denies Petitioner's request for a broad permanent injunction against the Government's third-country removal policy as a whole because the Government has not yet attempted to remove Petitioner to a third country and the Court has required that if it does, it must comply with due process.

## III. CONCLUSION

For these reasons, the Court GRANTS Petitioner's habeas petition. Dkt. No. 1.

1. The Government is ORDERED to release Petitioner from custody no later than November 17, 2026, under the conditions of his prior OSUP. The Government must provide notice and an opportunity to respond that comports with 8 C.F.R. § 241.13(i) before re-detaining Petitioner to effectuate removal.
2. The Court further ORDERS that if the Government continues to pursue removal of Petitioner to a third country, it must provide him with written notice of its intent to do so and a meaningful opportunity to respond in reopened removal proceedings before an immigration judge under 8 U.S.C. § 1231(b)(3).
3. No later than November 20, 2026, the Government shall file a status report confirming that Petitioner has been released from custody in compliance with this order.

Dated this 16th day of November, 2026.

Kymberly K. Evanson
United States District Judge